IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-03257-PAB-KLM

LORI E. MORGAN,

      Plaintiff,

v.

GEICO INDEMNITY COMPANY,

      Defendant.

---

**ORDER**

---

This matter is before the Court on defendant GEICO Indemnity Company's Motion for Summary Judgment and Brief in Support [Docket No. 26]. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff alleges that defendant improperly denied MedPay coverage on her motorcycle insurance policy.

## I. BACKGROUND[1]

In March 2008, plaintiff Lori Morgan insured her Honda motorcycle with GEICO Indemnity Company ("GEICO"). Docket No. 31 at 4, ¶ 1. To obtain such coverage, Ms. Morgan went to a GEICO office in Colorado Springs, Colorado and filled out the documents presented to her. *Id.*, ¶ 2.[2] GEICO issued the motorcycle insurance policy

---

[1] The following facts are undisputed unless otherwise indicated.

[2] Defendant disputes this in its reply, Docket No. 32 at 1, ¶ 2, but provides no citation to support its dispute. Plaintiff supports this statement of fact with her affidavit. Docket No. 31-1 at 1, ¶ 3. By failing to support its denial with citations to admissible evidence, defendant fails to dispute these facts and they are deemed admitted. *See* Practice Standards (Civil cases), Judge Philip A. Brimmer § III.F.3.b.vi.

to Ms. Morgan on March 15, 2008.  Docket No. 32-2 at 6.  The 2008 policy provides in the Insuring Agreement, under Part II, Coverage C: Motorcycle Medical Payments:

> ***We*** will pay reasonable expenses incurred for necessary ***medical services*** because of bodily injury caused by accident and sustained by a ***covered person***.  ***We*** will pay only those expenses incurred within one year from the date of the accident up to the stated limit for each person, less the stated deductible amount.
> ***Covered person***, as used in the Part means:
> ***You***, any ***family member*** or any ***passenger*** while ***occupying your covered cycle***.
> ***Medical services*** means medical, surgical and dental services, including prosthetic devices and necessary ambulance, hospital, professional nursing and funeral expenses.

(emphasis in original).  *Id*. at 14.

On August 6, 2013, plaintiff called GEICO to add a 1992 Harley-Davidson motorcycle to her insurance policy.  Docket No. 26 at 4, Statement of Undisputed Material Facts ("SUMF") 5.  GEICO's Policy Log for plaintiff's policy indicates that plaintiff declined medical payments ("Med Pay") coverage; GEICO states that plaintiff declined said coverage verbally.  Docket No. 26-3 at 1; Docket No. 26 at 4, SUMF 5.  In regard to the August 6, 2013 phone call, plaintiff states that she told GEICO she wanted the same coverage that she had on her previous policy and denies that any discussion of Med Pay coverage occurred, including any rejection of Med Pay coverage.  Docket No. 31 at 6, ¶ 18.

The declarations page included with Ms. Morgan's policy after the August 6, 2013 phone call and which lists only the Harley-Davidson motorcycle states: "This is a description of your coverage" and provides the following:

| **Coverages*** | **Limits and/or Deductibles** | **Vehicle 1** |
|---|---|---|
| Bodily Injury Liability<br>Each Person/Each Occurrence | $100,000/$300,000 | $26.00 |
| Property Damage Liability | $50,000 | $9.00 |
| Comprehensive<br>This Coverage is Not Mandatory | $500 Ded | $9.00 |
| Collision<br>This Coverage is Not Mandatory | $500 Ded | $28.00 |
| Uninsured & Underinsured Motorists<br>Each Person/Each Occurrence | $25,000/$50,000 | $41.00 |
| **Total Twelve Month Premium** | | **$113.00** |

*Coverage applies where a premium or $0.00 is shown for a vehicle

Docket No. 26-2 at 8.

GEICO sent plaintiff a Summary Disclosure Form annually from 2012 through 2014. Docket No. 31-3 at 5, 11, 17. The Summary Disclosure Form states:

Medical Payments Coverage

Medical payments coverage of $5,000 will be included in your policy unless you reject it. You may reject the coverage in writing or in the same method in which you applied for the policy.

Medical payments coverage is not required to be offered on motorcycles, low-power scooters, off-road vehicles or other miscellaneous vehicles.

Medial payments coverage pays for you and your passengers reasonable health care expenses incurred for bodily injury caused by an automobile accident.

*Id*.

Plaintiff was in an accident while driving her Harley-Davidson motorcycle on June

28, 2014.³  *See* Docket No. 31 at 7, ¶ 22; Docket No. 31-1 at 2, ¶ 9; Docket No. 37 at 2, ¶10.  Plaintiff suffered injuries and incurred medical expenses as a result of the accident.  Docket No. 31 at 7, ¶ 22.  Following her accident, plaintiff's medical provider made a request to GEICO for payment of plaintiff's medical expenses, which GEICO rejected.  Docket No. 31-5 at 2.  GEICO told plaintiff that she did not have Med Pay coverage and that "it is not mandatory to include Med Pay coverage under a motorcycle policy in Colorado."  Docket No. 31 at 8.

On November 3, 2014, plaintiff filed a class action complaint and jury demand in the District Court for Boulder County, Colorado against GEICO alleging several claims for relief related to GEICO's denial of Med Pay coverage.  *See* Docket No. 1-1.  On December 1, 2014, defendant removed the case to this Court on the ground that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d).  Docket No. 1.  On October 22, 2015, plaintiff filed the operative amended complaint.  Docket No. 37.  Plaintiff no longer asserts any class claims.  *See id.*⁴  Plaintiff's amended complaint asserts four

---

³The parties do not, on summary judgment, state that plaintiff was injured on her Harley-Davidson motorcycle.  However, plaintiff makes that allegation in her amended complaint, Docket No. 37 at 2, ¶10, and defendant admits that it was reported to GEICO that plaintiff was operating a 1992 Harley-Davidson motorcycle on June 28, 2014 that was insured by GEICO.  Docket No. 39 at 3, ¶10.  Thus, for purposes of summary judgment, this statement is not disputed.

⁴The Tenth Circuit has not addressed whether a federal district court retains jurisdiction over a case removed under the Class Action Fairness Act, 28 U.S.C. § 1332(d), following the striking of class allegations.  *See Edwards v. ZeniMax Media Inc.*, No. 12-cv-00411-WYD-KLM, 2013 WL 5420933, at *1 (D. Colo. Sept. 27, 2013). In light of other circuit courts' holdings on this issue, *see Metz v. Unizan Bank*, 649 F.3d 492, 500-01 (6th Cir. 2011); *Buetow v. A.L.S., Enters., Inc.*, 650 F.3d 1178, 1182 n.2 (8th Cir. 2011); *United Steel Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n. 12 (11th Cir. 2009), as well

claims for relief: (1) breach of insurance contract; (2) declaratory relief stating that the GEICO policy contains Med Pay coverage of $5,000; (3) violation of Colo. Rev. Stat. § 10-3-1115; and (4) common-law bad faith denial of insurance benefits.  Docket No. 37 at 7.

On April 16, 2015, GEICO filed a motion for summary judgment on all of plaintiff's claims.  Docket No. 26.  GEICO argues that Ms. Morgan never had Med Pay coverage and therefore GEICO's denial of Med Pay benefits under the policy is not a breach of the policy as a matter of law.  Docket No. 26 at 3.  GEICO further argues that, because the Policy does not provide Med Pay coverage, plaintiff's other common law and statutory bad faith claims fail.  Docket No. 26 at 15, 17.  Plaintiff responds that she never declined Med Pay coverage and that the policy provides Med Pay coverage.  Docket No. 31 at 9.

## II.  STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986).  A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim.  *Wright v. Abbott Labs., Inc*., 259 F.3d 1226, 1231-32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude summary

---

as the holdings of district courts within this circuit, *see Burdette v. Vigindustries, Inc.*, 2012 WL 5505095, at *2 (D. Kan. Nov. 13, 2012); *Edwards*, 2013 WL 5420933, at *1, the Court finds that the weight of authority supports this Court's subject matter jurisdiction over the instant case.

judgment. *Faustin v. City & Cty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (internal quotation marks omitted)). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115 (citation omitted). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

### III. ANALYSIS

Under Colorado law,[5] "[t]he interpretation of an insurance policy, like any written

---

[5]Where a court has diversity-based jurisdiction over a case, the laws of the forum state govern the analysis of the underlying claims. *See Essex Ins. Co. v. Vincent*, 52

contract, presents a question of law and, therefore, is appropriate for summary judgment." *Tynan's Nissan, Inc. v. American Hardware Mut. Ins. Co.*, 917 P.2d 321, 323 (Colo. App. 1995) (citing *Bumpers v. Guarantee Trust Life Insurance Co.*, 826 P.2d 358 (Colo. App. 1991)).

When construing the terms of an insurance policy, Colorado courts apply traditional principles of contract interpretation. *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 819 (Colo. 2004); *Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995). In interpreting insurance policies, courts are to give effect to the intent and reasonable expectations of the parties and to enforce the policy's plain language unless it is ambiguous. *Hoang v. Assurance Co. of Am.*, 149 P.3d 798, 801 (Colo. 2007).

Whether the contract is ambiguous is a question of law. *Id*. Contract terms are ambiguous when they can be read to have more than one reasonable interpretation. *Hecla Min. Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083, 1090 (Colo. 1991). In making the ambiguity determination, courts are to view the policy as a whole, using the generally accepted meaning of the words employed. *USAA Cas. Ins. Co. v. Anglum*, 119 P.3d 1058, 1060 (Colo. 2005).

In Colorado, auto insurers are generally required to offer a minimum of $5,000 of Med Pay coverage. *See* Colo. Rev. Stat. § 10-4-635. Med Pay coverage provides "medical payments . . . for bodily injury, sickness, or disease resulting from the

---

F.3d 894, 896 (10th Cir. 1995); *cf. Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) ("Because the parties' arguments assume that Colorado law applies, we will proceed under the same assumption.")

ownership, maintenance, or use of the motor vehicle" and includes "all medically necessary and accident-related health care and rehabilitation services provided by a licensed health care provider to a person injured in an automobile accident for which benefits under the terms of the medical payments coverage in the policy are payable." *Id*., § 10-4-635(1)(a), (5)(e).  The requirement that an insurer provide Med Pay coverage does not apply to a motorcycle insurance policy.  *See id*. § 10-4-635(4)(a).

Defendant argues that the plain language of the policy, specifically, the declarations page, establishes that plaintiff did not have Med Pay coverage.  Docket No. 26 at 9-11.  Defendant asserts that the declarations page does not mention Med Pay coverage and thus reflects that plaintiff had no such coverage.  *Id*. at 11.  Plaintiff responds that the policy itself contains Med Pay coverage as provided in Part II, Coverage C and that the absence of an express reference to Med Pay coverage in the declarations page is insufficient to negate the language in Part II, Coverage C.  Docket No. 31 at 9-11; Docket No. 31-13 at 3.  In the alternative, plaintiff argues that the policy is either ambiguous as to the existence of Med Pay coverage based on the conflict between the declarations page and Part II, Coverage C, or that Med Pay coverage is established based on Ms. Morgan's reasonable expectations.  Docket No. 31 at 11.

Defendant admits that it offered Med Pay coverage to plaintiff in 2013.[6]  Docket No. 26 at 4, SUMF 5.  Thus, for purposes of ruling on defendant's motion, it is irrelevant

---

[6] It is unclear whether, by offering Med Pay coverage without the statutory obligation to do so, an insurer must then meet the statutory requirements for obtaining a rejection from the insured.  However, defendant seems to presume that this is the case and the parties do not brief this issue, so the Court assumes this is true without deciding the issue.

that Colo. Rev. Stat. § 10-4-635(4)(a) does not require defendant to offer Med Pay coverage. Defendant also admits that Colo. Rev. Stat. § 10-4-635 applies to plaintiff adding the Harley-Davidson to the policy. Docket No. 26 at 9. That statute states: "A policy may be issued without medical payments coverage only if the named insured rejects medical payments coverage in writing or in the same medium in which the application for the policy was taken." Colo. Rev. Stat. § 10-4-635(1)(b). Defendant contends that plaintiff rejected Med Pay coverage in the same medium in which the policy was taken out–verbally, over the phone. Docket No. 26 at 4, SUMF 5. Thus, having offered plaintiff Med Pay coverage in 2013, defendant must prove that plaintiff rejected Med Pay coverage in 2013 to succeed on its summary judgment motion.[7]

The Court finds that there is a genuine dispute of material fact regarding whether Ms. Morgan declined Med Pay coverage. GEICO asserts that Ms. Morgan declined the coverage on August 6, 2013, as indicated in GEICO's Policy Log. Docket No. 32 at 5; Docket No. 26-3 at 1. However, plaintiff disputes this and GEICO admits that there is a dispute regarding whether Med Pay coverage was discussed with plaintiff during the August 6, 2013 phone call. *See* Docket No. 31 at 6, ¶¶ 15, 17-18; Docket No. 32 at 2, ¶¶ 15, 17-18. Accordingly, the Court finds that defendant is not entitled to summary judgment on plaintiff's breach of contract claim.

Defendant argues that plaintiff's declaratory judgment and statutory and common law bad faith denial of insurance benefits claims fail because plaintiff was not entitled to Med Pay coverage. Docket No. 26 at 16-17. Because the Court has denied defendant

---

[7]Because defendant admits that it offered plaintiff Med Pay coverage in 2013, whether or not Med Pay coverage was included in the 2008 policy is irrelevant.

summary judgment on that issue, defendant is not entitled to summary judgment on plaintiff's declaratory judgment and statutory and common law bad faith denial of insurance benefits claims.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant GEICO Indemnity Company's Motion for Summary Judgment and Brief in Support [Docket No. 26] is **DENIED**.

DATED March 8, 2016.

                                BY THE COURT:

                                s/Philip A. Brimmer
                                PHILIP A. BRIMMER
                                United States District Judge